MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/3/2022
```



**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**WYNEE NGO**
Phone: (212) 356-0877
Fax: (212) 356-1148
wngo@law.nyc.gov

March 2, 2022

**Via ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *E.W., et al. v. New York City Dep't of Educ.*, 21-CV-11208 (VEC)

Dear Judge Caproni:

      I am an Assistant Corporation Counsel assigned to represent Defendant New York City Department of Education ("DOE") in the above-referenced action. I write jointly with Plaintiff's counsel, Benjamin Kopp of the Cuddy Law Firm, PLLC, in accordance with the Court's Notice of Initial Pretrial Conference, dated January 5, 2022 (Dkt. No. 6). For the reasons set forth herein, the parties jointly respectfully request: (1) an adjournment *sine die* of the initial pretrial conference ("IPTC") currently scheduled for March 25, 2022, at 10:00 a.m.; and (2) a 60-day extension of time to provide the Court with the parties' proposed briefing schedule and a joint status report in order to afford the parties the opportunity to settle the matter.

      By way of background, this action stems from three completed due process hearings, IHO Case Nos. 180334, 183551, and 194451, wherein Plaintiff seeks enforcement of pendency and implementation of Impartial Hearing Officer ("IHO") final decisions, along with attorneys' fees incurred in the underlying administrative proceedings under the Individuals with Disabilities Education Act ("IDEA"), as well as, in this instant federal action. This action also concerns one current, pending due process hearing, IHO Case No. 218482, wherein Plaintiff sought the Court to assume jurisdiction over Case No. 218482 absent an IHO appointment. An IHO was recently appointed to IHO Case No. 218482, however, thereby rendering Plaintiff's request to have the Court assume jurisdiction in IHO Case No. 218482 unnecessary at this time. Plaintiff submits that Plaintiff plans to amend the Complaint, following the completion of the underlying administrative proceedings in IHO Case No. 218482 and would like to revisit what benefit, if any, to a CMP at that time.

      Pursuant to the Court's Order of January 5, 2022, the Court directed the parties on or before March 4, 2022, to submit a joint letter stating whether the IPTC would be helpful in

expeditiously managing this case or whether, in the alternative, the parties would prefer that the Court forgo the IPTC and set a schedule for briefing a motion by Plaintiff for summary judgment after Defendant has answered.

The parties are currently actively involved in settlement discussions in an effort to resolve Plaintiff's claims regarding the implementation of the IHO decisions. Defendant has also requested that Plaintiff provide time records in an effort to try to settle Plaintiff's claim for attorneys' fees. Given that the parties do not anticipate conducting discovery in this matter, and given their good-faith settlement discussions, the parties do not believe that an IPTC will be an efficient use of judicial resources at this time. The parties, therefore, respectfully request that the Court adjourn the IPTC *sine die*. And because the parties are optimistic that this matter can be resolved, or, at the very least, resolved in part, through settlement, the parties respectfully request a 60-day extension of time to provide the Court with a proposed briefing schedule. This will provide the parties the opportunity to sufficiently explore settlement for the implementation issues of IHO Case Nos. 180334, 183551, and 194451, and attorneys' fees. The parties also do not believe that a mediation program or a referral to Magistrate Judge Gorenstein for a settlement conference would be beneficial at this time. The parties, therefore, respectfully propose submitting a joint status report in 60 days, or no later than May 6, 2022, to report whether settlement of the action remains likely or to propose a briefing schedule if litigation is necessary.

Accordingly, the parties respectfully request that the Court grant: (1) an adjournment *sine die* of the IPTC currently scheduled for March 25, 2022, at 10:00 a.m.; and (2) a 60-day extension of time, until May 6, 2022, to provide the Court with a joint status report and a proposed briefing schedule.

Thank you for Your Honor's consideration of this request.

Respectfully,

/s/_____
Wynee Ngo
Assistant Corporation Counsel

cc:     **Via ECF**
        *All counsel of record.*

> Application GRANTED. The initial pretrial conference scheduled for March 25, 2022 is ADJOURNED *sine die*. If the parties do not settle beforehand, they must, no later than **May 6, 2022**, file a joint status report and proposed briefing schedule for Plaintiff's anticipated motion for summary judgment.

SO ORDERED.

*Valerie Caproni* (signature)

3/3/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE