```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
E.W., individually and on behalf of A.G.,      :

                       Plaintiff,              :
                                                          ORDER
         -against-                             :
                                                          21 Civ. 11208 (VEC) (GWG)
NEW YORK CITY DEPARTMENT                       :
OF EDUCATION,
                                               :
                       Defendant.
---------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff has moved for summary judgment, seeking attorneys' fees for two administrative proceedings and the instant federal action. (Docket # 21). One task before the Court is to determine the number of hours reasonably spent in the federal action before and after October 7, 2022, the date on which defendants made an offer of settlement.

Defendant states in its briefing that plaintiff's fees request for the federal action lists hours "for work on what is essentially a simple fee application." (Docket # 34 at 17). It relies on arguments and case law that relate to "federal actions solely for IDEA fees and costs." Id. at 18 (emphasis added). Upon review of the billing records, however, it appears that a substantial number of hours sought for the federal action, and a very high percentage of the hours before October 7, 2022, do not relate to drafting the fee application itself, but rather to the implementation of the prior administrative decisions or perhaps to work on the substantive causes of action that have since been withdrawn. (Docket # 23-19). Defendant has provided no breakdown of these hours and no argument as to why time of this nature should not be compensated. Strangely, the plaintiff in her reply did not address the defendant's seemingly incorrect contention as to the nature of the federal hours.

If the defendant opposes the hours sought for the federal action before or after October 7, 2022, the defendant must file a submission that addresses the time records in far greater detail. The Court expects that the defendant's submission will, for the time period before October 7, 2022: (a) separate and identify the amount of time it believes is attributable to the fee application and to non-fee-application filings (for example, time attributable to implementation of prior administrative decisions and/or to work on the causes of action withdrawn by stipulation) for each of these periods; and (b) explain whether plaintiff is entitled to fees for time spent on the identified categories of non-fee-application tasks. Any analysis of billing records should break down hours by timekeeper. As to billing entries made after October 7, 2022, the Court will

assume that all entries relate to the fee application unless otherwise indicated. The total number of hours spent post-October 7, 2022, however, still need to be broken down by timekeeper.

Defendant's submission shall be filed by March 17, 2023. The submission may be in the form of a letter or supplemental brief. Plaintiff may respond on or before March 24, 2023. The parties may change these dates by agreement and without Court order as long as the agreed dates are disclosed in a letter to the Court filed on ECF.

SO ORDERED.

Dated: March 9, 2023
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge