UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
E.W., *individually and on behalf of* A.G.,  :

                Plaintiff,  :

                                                   ORDER

  -against-  :

                                                   21 Civ. 11208 (VEC) (GWG)

NEW YORK CITY DEPARTMENT  :
OF EDUCATION,

                               :

                Defendant.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      In light of the filing of objections to the Court's denial of defendant's request for a stay (Docket # 45), the Court issues this order to explain its reasoning.

      The only issue identified in the cases on appeal to the Second Circuit that overlaps with the instant application is the issue of "attorneys' hourly rates." (Docket # 44 at 1).[1]  The Second Circuit, however, has made plain that the setting of hourly rates is based on a wide variety of case-specific factors and that district courts enjoy "considerable discretion," in setting hourly rates for attorneys.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).  Given the "considerable discretion" afforded district courts in setting hourly rates, the Court believes it more likely than not that the Second Circuit's decision will not fix a rate for any of the attorneys in this matter but will instead indicate, consistent with Arbor Hill, that a wide range of rates may be found appropriate by a district court.  The defendant's implicit speculation that the Second Circuit's decision will resolve or provide controlling guidance on the rates to be awarded plaintiff's attorneys here must be weighed against the fact that a stay of this proceeding will cause delays in the Court's calendar and interfere with the Court's obligation to decide motions promptly.  See Fed. R. Civ. P. 1.  Many months may elapse before the Second Circuit issues a decision.

      As for the one external benefit of a stay identified by defendant – that the case will be more likely to settle following the Second Circuit's decision – the plaintiff, who obviously would

---

     [1] Although defendant suggests that the Second Circuit will issue a ruling on the issue of "unreasonable protraction," as referenced by Judge Cronan, the plaintiff's papers on the underlying fees motion merely make vague assertions as to "failures in [the] hearing system," "stall tactics," and unnecessary "shift[s]" of litigation strategy, without identifying the evidentiary basis for these arguments.  (see Docket # 27 at 4; Docket # 38 at 9).  The Court does not view the instant case as raising any legal issue regarding "unreasonable protraction."

have to agree to any settlement, does not share this view, (Docket # 45 at 2), and the Court cannot make any finding as to the likelihood of settlement based on the current record.

      Finally, as to the defendant's argument that this Court should follow Judge Cronan's ruling, the Court notes that the transcript of the decision by Judge Cronan supplied by defendant indicates that the plaintiff in that case was acquiescing in the institution of a stay. (Docket # 44-1 at 3).

      For these reasons, the application for a stay is denied.

      SO ORDERED.

Dated: March 9, 2023
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge