USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                                                 :

E.W., INDIVIDUALLY and ON BEHALF OF A.G., A  :
CHILD WITH A DISABILITY,                             :
                                      Plaintiff,       :          21-CV-11208 (VEC)
                                                                :              (GWG)
                   -against-                    :
                                                                 :      OPINION AND ORDER
NEW YORK CITY DEPARTMENT OF                :
EDUCATION,                                                  :
                                                                 :
                                    Defendant.     :
                                                                   :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       On December 30, 2021, Plaintiff E.W. sued the New York City Department of Education ("DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"). *See* Compl., Dkt. 1. On October 7, 2022, DOE made a written offer of settlement of $38,000.01, which Plaintiff rejected. *See* Lindeman Decl., ¶ 22, Dkt. 32; *see also* Ex. L, DOE Formal Offer, ¶ 2, Dkt. 36-12.[1] On October 14, 2022, having withdrawn a number of claims that were included in the Complaint, *see* Stip. & Order, Dkt. 19, Plaintiff moved for summary judgment on her request for attorneys' fees, seeking $93,993.35 for legal fees and costs incurred by her counsel, Cuddy Law Firm ("CLF"), Mot., Dkt. 21; Pl. Reply at 1, Dkt. 38. The Court referred this case to Magistrate Judge Gorenstein to prepare a report and recommendation ("R&R") on dispositive motions. *See* Order, Dkt. 20.

       On April 28, 2023, Judge Gorenstein entered an R&R on Plaintiff's motion for summary judgment, recommending that the Court grant Plaintiff's motion to the extent of $37,286.08 in

---

[1]        Although the Lindeman Declaration indicates that the offer was for $38,000.00, a copy of Defendant's "Formal Offer" shows an offer of $38,000.01 "in full satisfaction of all claims for attorneys' fees, costs, and expenses." Ex. L, DOE Formal Offer, ¶ 2.

1

attorneys' fees, expenses, and costs, plus post-judgment interest at the statutory rate. R&R at 1, 31, Dkt. 54. Plaintiff objected to the R&R and Defendant responded.[2] *See* Pl. Obj., Dkt. 55; Def. Resp., Dkt. 56. For the reasons that follow, the Court ADOPTS the R&R in part and MODIFIES the R&R in part.

## DISCUSSION

### I.   Legal Standard

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."), but "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

### II.   The Court Adopts the R&R in Part and Modifies the R&R in Part

The R&R is adopted in part and modified in part. The R&R was issued before the Second Circuit's recent decision in *H.C. v. N.Y.C. Dep't of Educ.*, in which the Second Circuit reversed the district courts' decisions in a number of different IDEA attorneys' fees cases to

---

[2]   Defendant did not lodge a formal objection to the R&R but argues in its response to Plaintiff's objections that Judge Gorenstein overestimated the impact of inflation on the hourly rates he determined to be reasonable. *See* Def. Resp. at 4–5. As will be discussed below, the Court sees no clear error in Judge Gorenstein's very modest upward adjustment of previously-approved hourly rates.

award no fees for travel time. *See* 71 F.4th 120 (2d Cir. 2023) ("*H.C.*" or the "*H.C.* Opinion").[3] In light of that decision, the Court has conducted a *de novo* review of the R&R's recommendation that no fees be granted for travel and slightly modifies the recommended award.[4] The Court otherwise adopts the R&R's analysis as to the remaining fee and cost calculations because Plaintiff's remaining objections fail to point to any clear error in the R&R.

### A. Plaintiff's Objection to the R&R with Regard to Fees for Travel Is Sustained

Judge Gorenstein agreed with Defendant that no fees should be awarded for Michael Cuddy's travel time to and from his office upstate to hearings in New York City. *See* R&R at 17. Judge Gorenstein explained that, as this Court had previously held, "[n]o award for travel is warranted because 'it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip.'" *Id.* (quoting *M.D. v. N.Y. Dep't of Educ.*, 2021 WL 3030053, at *5 (S.D.N.Y. July 16, 2021)).

The Second Circuit recently held in *H.C.* that it was an abuse of discretion to deny counsel located in upstate New York all fees for travel. 71 F.4th at 129–30. The court explained that a "district court may permissibly adjust travel costs" but cannot "'eliminate[] all of the hours submitted by [a non-local attorney] as travel time' by denying travel-related fees altogether." *See id.* at 130 (quoting *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148,

---

[3] On July 12, 2023, the Second Circuit issued an "errata sheet" in which it amended the *H.C.* Opinion as to the appropriate hourly rate at which travel costs should be awarded. *See* No. 21-1582, Dkt. 109 (the "Errata"). The now-published version of the *H.C.* Opinion reflects the correction. *See H.C.*, 71 F.4th at 130.

[3] Although Plaintiff initially requested reimbursement for meals, lodging, parking, and other travel-related expenses, Plaintiff did not specifically object to the portion of the R&R that declined to award such costs. *See* Pl. Obj. at 14–15.

1161 (2d Cir. 1994)).  The Second Circuit found that fees at 50% of the attorney's approved rate for two hours of travel time (one hour for each way) was appropriate.  *See id.*

In light of the Second Circuit's decision, the Court modifies the R&R to award fees for travel and finds that counsel is entitled to two hours of fees for his travel time at 50% of his approved hourly rate.  Because Judge Gorenstein's recommendation that Michael Cuddy be awarded an hourly rate of $375 per hour was not clearly erroneous, *see infra*, the Court modifies the R&R to award two hours of fees for travel at $187.50 per hour, for a total of $375.  By adding fees for travel time as required by the Second Circuit decision in *H.C.*, the Court modifies the R&R to award Plaintiff $37,661.08 in attorneys' fees, expenses, and costs.

### B.  Plaintiff's Remaining Objections to the R&R Are Overruled

Plaintiff argues that Judge Gorenstein erred in declining to consider that Defendant engaged in unreasonable protraction of the proceedings.  *See* Pl. Obj. at 1.  Plaintiff had argued to Judge Gorenstein that Defendant unreasonably protracted the proceedings through "failures in its hearing system . . . , using settlement and litigation strategies as stall tactics, and shifting from nearly non-objection to firm opposition."  Pl. Mem. at 4, Dkt. 27.  Judge Gorenstein expressly considered and rejected that argument.  R&R at 5 n.4.

Judge Gorenstein found that Plaintiff "cite[d] to no evidence in the record" and, aside from "mention[ing] the law in broad terms, . . . fail[ed] to identify the substance of the relief sought or the factual basis on which it could be granted."  *Id.*  Thus, Plaintiff's objection that the record is "so replete with such conduct by DOE that the R&R should not have ignored it or required E.W. *post hoc* to have been more precise or particular," Pl. Obj. at 2, is not really an objection at all — it is, at best, a disagreement with the R&R's findings.  *See Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (finding

Plaintiff's objections were invalid because they were "presented in a conclusory fashion, simply reflecting [Plaintiff's] disagreement with Judge Francis's conclusions."), *aff'd,* 367 F. App'x 210 (2d Cir. 2010). Because the Court finds no clear error in Judge Gorenstein's conclusion that Plaintiff failed to substantiate her unreasonable protraction argument, the Court adopts that portion of the R&R.[5]

Plaintiff objects to the hourly rates recommended in the R&R because they were "not based upon a reasonably specific, objective, evidence-based explanation . . . ." Pl. Obj. at 4. Plaintiff objects to much of the criteria Judge Gorenstein used to set the appropriate hourly rates, such as distinguishing between general and field-specific experience, the length of time attorneys have spent practicing law, the complexity of the matter, starting calculations from the City's proposed rates, and ignoring the "dearth of attorneys in the field." *See id.* at 4–13. Plaintiff argued for the application of a different set of criteria, Pl. Mem. at 5–14, but Judge Gorenstein was unpersuaded by her arguments. Because Plaintiff's objection merely regurgitates the arguments presented in past memoranda, it is not a valid objection and, therefore, the Court reviews the recommendation only for clear error.

In calculating the prevailing rates in the Southern District of New York, Judge Gorenstein relied on prior case law to ensure that he used a reasonably specific, objective, and evidence-based rate. *See* R&R at 7–13. He was persuaded by this Court's prior decision (another fee

---

[5] Courts have previously considered Cuddy Law Firm's "unreasonable protraction" argument in other IDEA cases and found that there was not enough evidence to "establish that Defendant engaged in unreasonable protraction." *See A.G. v. N.Y.C. Dep't of Educ.*, 2021 WL 4896227, at *10 (S.D.N.Y. Oct. 19, 2021), *aff'd sub nom. H.C. v. New York City Dep't of Educ.,* 71 F.4th 120 (2d Cir. 2023).

This Court would also like to remind the Cuddy Law Firm that it is, in the first instance, an attorney's responsibility to marshal the evidence that supports his or her arguments. If, in fact, the record is "replete" with examples of bad conduct by the DOE that protracted the litigation, it should have been an easy task to direct the Court's attention to that evidence. The Court is not inclined to root through the record to find evidence the attorney has not bothered to highlight for the Court to support his or her arguments.

application made by CLF) in which this Court set a reasonable hourly rate of $367.50 for Andrew Cuddy. *Id.* at 11 (citing *M.R. et al. v. N.Y.C. Dep't of Educ.*, 2022 WL 16575767, at *2 (S.D.N.Y. Oct. 31, 2022)).[6] Judge Gorenstein found that rate was fair for both of the "senior Cuddy attorneys" and, after a modest upward adjustment to account for inflation, set an hourly rate of $375 for both Andrew and Michael Cuddy. *Id.* As to Benjamin Kopp, Judge Gorenstein noted that *M.R.* set $168 as a reasonable hourly rate for him; "given the passage of time," Judge Gorenstein recommended that rate be increased to $180 per hour.[7] *Id.* (citing *M.R.*, 2022 WL 16575767 at *3). Although Judge Gorenstein did not engage in extensive analysis to explain why Mr. Kopp's hourly rate was appropriately increased by approximately 7% from the rate awarded in *M.R.*, the Court does not find that it was clearly erroneous.[8]

Plaintiff's objection seeks to relitigate whether Plaintiff was justified in rejecting the DOE's settlement offer. *Compare* Pl. Reply at 6–8 *with* Pl. Obj. at 15. The Court finds no clear error in the R&R's determination that rejecting a settlement offer based upon the inclusion of a waiver of post-settlement interest was unjustified. Indeed, courts have consistently rejected these same arguments raised by CLF. *See, e.g.*, *M.Z. v. N.Y.C. Dep't of Educ.*, 2023 WL 2499964, at

---

[6] The Second Circuit's decision in *H.C.* had an impact on this Court's decision in *M.R.* insofar as *M.R.* awarded no fees for travel time. *See* No. 1:21-CV-5503, Dkts. 70, 74. The Court has since granted reconsideration of *M.R.* in light of the *H.C.* Opinion, but the approved hourly rates remain unchanged. *Id.*

[7] The gap between the $12.00 increase to Kopp's approved hourly rate from his approved rate in *M.R.* and the $7.50 increase to the senior Cuddy attorneys' approved hourly rate from their rate in *M.R.* is reasonable; Mr. Kopp, as a junior attorney, faces a much steeper learning curve and, at this stage in his career, develops skills and knowledge at a faster rate than senior attorneys like Michael and Andrew Cuddy. That increased legal experience warrants some increase in his reasonable hourly rate.

[8] Plaintiff argues that Judge Gorenstein incorrectly relied on *Arbor Hill* when determining a reasonable hourly rate because "nowhere in *Arbor Hill* did the Second Circuit go beyond treating language of 'pay[ing] the least amount necessary to litigate the case effectively' as anything more than a 'background principle'. . . ." Pl. Obj. at 3–4. The Court finds no clear error, however, as the R&R correctly explains that the holding of *Arbor Hill* requires the court to "step into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." R&R at 6 (quoting *Arbor Hill v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008)).

\*7 (S.D.N.Y. Mar. 14, 2023) (finding that DOE's inclusion of a waiver of the right to seek post-settlement interest did not justify rejection of settlement offer because "[Plaintiff] could bring a separate action seeking an award of interest on the settlement amounts" under state law (quoting *F.N. v. N.Y.C. Dep't of Educ.*, 2022 WL 3544128, at \*6 (S.D.N.Y. Aug. 18, 2022))).

Plaintiff also objects that the R&R incorrectly deemed "the 2020-2021 school year as 'alleging largely the same facts as the 2019 case.'"  Pl. Obj. at 3 (citing R&R at 3).  The Court finds, however, that the R&R considered the legal work done in connection with both school years and made no clear error in analyzing them similarly.

Finally, Plaintiff objects to the 35% across-the-board reduction to the hours purportedly spent on the federal action.  Pl. Obj. at 14 (citing R&R at 27).  Plaintiff seems to argue that *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), held that it is an abuse of discretion generally to limit attorney fee awards to a third of the plaintiff's overall recovery.  *See* Pl. Obj. at 14.  But that is not the holding of *Fisher*.  *Fisher* held only that, in a FLSA case, the district court abused its discretion by setting a maximum percentage fee recovery, not that district courts lack discretion to reduce fees or to consider, as a cross-check, the ratio of the fees to the plaintiff's recovery.  *See Fisher*, 948 F.3d at 602–03.  Indeed, courts in this district have consistently reduced awards "between twenty-five to fifty percent" for time spent litigating attorney's fees in IDEA cases.  *M.M. v. N.Y.C. Dep't of Educ.*, 2022 WL 3043218, at \*10 (S.D.N.Y. Aug. 2, 2022) (quoting *R.P. v. N.Y.C. Dep't of Educ.*, 2022 WL 1239860, at \*7 (S.D.N.Y. Apr. 27, 2022)), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023).  Because Judge Gorenstein found that the fees requested for the federal action were unreasonably high compared to the entire amount of fees requested, there was no clear error committed when he imposed a blanket reduction of 35% to the hours spent on the federal action.

## CONCLUSION

For the foregoing reasons, the R&R is adopted in part, and modified in part. Plaintiff is awarded $37,661.08 in attorney's fees, expenses, and costs. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 21 and to close this case.

**SO ORDERED.**

Date: July 31, 2023
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**